G. W. SCOTT, ADMINISTRATOR OF MARY RUTH SCOTT, DECEASED, v. SWIFT & COMPANY AND K. M. BARNES, R. R. PITTMAN AND H. C. PITTMAN, TRADING AND DOING BUSINESS UNDER THE FIRM NAME OF R. R. BARNES COMPANY,

and

MILDRED SCOTT, BY HER NEXT FRIEND, G. W. SCOTT, v. SWIFT & COMPANY AND K. M. BARNES, R. R. PITTMAN AND H. C. PITTMAN, TRADING AND DOING BUSINESS UNDER THE FIRM NAME OF R. R. BARNES COMPANY,

and

G. W. SCOTT v. SWIFT & COMPANY AND K. M. BARNES, R. R. PITTMAN, AND H. C. PITTMAN, TRADING AND DOING BUSINESS UNDER THE FIRM NAME OF R. R. BARNES COMPANY,

and

MRS. OPHELIA SCOTT v. SWIFT & COMPANY AND K. M. BARNES, R. R. PITTMAN AND H. C. PITTMAN, TRADING AND DOING BUSINESS UNDER THE FIRM NAME OF R. R. BARNES COMPANY.

(Filed 14 December, 1938.)

**Appeal and Error § 38—**

The burden is on appellant to make error clearly appear, as the presumption is against him.

SCOTT *v.* SWIFT & CO.

APPEAL by defendant Swift & Company from *Spears, J.,* and a jury, at May Term, 1938, of ROBESON. No error.

This is a civil action brought by plaintiffs against defendant Swift & Company for actionable negligence to recover damages for selling (through R. R. Barnes Company) poisonous, unwholesome and deleterious sausage for human consumption, the eating of which caused plaintiffs to become violently ill and causing the death of Mary Ruth Scott.

The allegation was that the illness and death were proximately caused by the eating and consuming of the unwholesome and poisonous sausage negligently canned and placed on the market by the defendant. The defendant denied the material allegations of the complaint. The actions were consolidated for trial. A dismissal was suffered against the Barnes Company.

The jury returned a verdict in favor of each of the plaintiffs. The court below rendered judgment on the verdict in favor of each of the plaintiffs. The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

*W. S. Britt, J. C. King, and McLean & Stacy for plaintiffs.*
*Varser, McIntyre & Henry for Swift & Company.*

PER CURIAM. At the close of plaintiffs' evidence and at the close of all the evidence the defendant Swift & Company made motions in the court below for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions and in this we can see no error.

After reading the record and briefs and hearing the able arguments of the litigants, we can see no prejudicial or reversible error. It is well settled in this jurisdiction that error will not be presumed, it must be affirmatively established. The appellant is required to show error and he must make it appear plainly, as the presumption is against him. The case was tried under well settled law in matters of this kind. There is no new or novel proposition of law involved.

In the judgment of the court below, we find
No error.